HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GIOGIO PONCIA and LAURA LOMBARDI, individually and as Parents and Natural Guardians of [redacted] a minor and [redacted] a minor,<br><br>Plaintiffs,<br><br>v.<br><br>HOLLAND AMERICA LINE N.V., a Curacao corporation,<br><br>Defendant. | CASE NO. 2:25-cv-01885-RAJ<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiffs' Unopposed Motion to Approve Settlement, Dkt. # 19, which is filed under seal pursuant to the Court's February 12, 2026 order, Dkt. # 18.  The Court has reviewed the motion and the balance of the record.

The parties have reached a global settlement in this case.  They seek the Court's approval with respect to the portion of the settlement involving one of the plaintiffs, who is still a minor.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors."  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving

ORDER – 1

minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). Local Civil Rule 17(c) supplements Federal Rule of Civil Procedure 17(c). It states:

> In every case where the court is requested to approve a settlement involving the claim of a minor or incompetent, an independent guardian ad litem, who shall be an attorney-at-law, must be appointed by the court, and said guardian ad litem shall investigate the adequacy of the offered settlement and report thereon; provided, however, that the court may dispense with the appointment of the guardian ad litem if a general guardian has been previously appointed for such minor or incompetent, or if the court affirmatively finds that the minor or incompetent is represented by independent counsel.

Thus, courts in this district generally "must" appoint an independent guardian ad litem to investigate and report on the adequacy of a settlement with a minor unless one of the two enumerated exceptions apply.

Here, neither exception is met. There is no indication that "a general guardian has been previously appointed for" the minor plaintiff. In addition, counsel who also represents the adult plaintiffs in this case is not "independent counsel" for the minor. *See May v. Safeway, Inc.*, No. 21-cv-327, 2021 WL 5414223, at *2 (W.D. Wash. Nov. 19, 2021) ("J.M. is not represented by 'independent counsel' in this matter because his attorney also represents his mother, who has brought her own claims in this action for loss of consortium and loss of income."). Accordingly, the Court declines to approve the proposed settlement at this time, and instead directs the parties to confer regarding the appointment of a guardian ad litem. *See id.* (declining to dispense with requirement under Local Civil Rule 17 and directing parties to confer regarding appointment of guardian ad litem); *MW v. Safeway, Inc.*, No. 18-cv-1404, 2019 WL 3387659 (W.D. Wash. July 26, 2019) (same).

The parties also state they "do not believe Court approval of the settlement is required" because "[f]ederal maritime law does not require court approval of settlements

ORDER – 2

in actions brought on behalf of a ward." Dkt. # 19 at 3.  While the motion cites cases from other jurisdictions supporting this proposition, the parties provide no authority that the absence of a particular requirement under federal maritime law can override an affirmative requirement under this district's local rules.

For the forgoing reasons, the Court **DENIES** Plaintiffs' Unopposed Motion to Approve Settlement, Dkt. # 19, without prejudice.  The parties are **ORDERED** to meet and confer to identify an attorney to serve as an independent guardian ad litem and to file a motion for appointment.  Alternatively, the parties may file a motion requesting appointment of an independent guardian ad litem from the district's pro bono panel.

DATED this 29th day of June, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3